IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>        Plaintiff,<br><br>        v.<br><br>POINT TO POINT AUTO REPAIR, INC., PHILADELPHIA TAXI MANAGEMENT, LLC. d/b/a FREEDOM TAXI, TWO ONE FIVE METER SHOP, INC., and EVERETT ABITBOL,<br><br>        Defendants. | Civil Action No. _____ |

## COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin POINT TO POINT AUTO REPAIR, INC., a corporation, PHILADELPHIA TAXI MANAGEMENT, LLC, d/b/a FREEDOM TAXI, TWO ONE FIVE METER SHOP, INC., a corporation, and EVERETT ABITBOL, individually, and as a manager, owner, and corporate officer of the aforementioned corporations (collectively, "Defendants"), from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant POINT TO POINT AUTO REPAIR, INC., is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a registered office 2351 S. Swanson Street Philadelphia, PA 19148. Defendant is engaged in a taxi repair business at the same address, within the jurisdiction of this court.

3. Defendant PHILADELPHIA TAXI MANAGEMENT, LLC, d/b/a FREEDOM TAXI, TWO ONE FIVE METER SHOP, INC., is a limited liability company duly organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 2351 S. Swanson Street Philadelphia, PA 19148. Defendant is engaged in a taxi service at the same address, within the jurisdiction of this court.

4. Defendant Everett Abitbol is the owner of the entities identified in Paragraphs 2 and 3. Everett Abitbol has directed employment practices and has directly or indirectly acted in the interest of Point to Point Auto Repair and Philadelphia Taxi Management, d/b/a Freedom Taxi, Two One Five Meter Shop, Inc. (collectively, "Point to Point") in relation to their employees at all times relevant herein, including hiring and firing employees, setting employees' conditions of employment, including schedules and the rates and methods of compensation, and supervising employees day-to-day. At all times relevant herein, Everett Abitbol has been responsible for making, keeping, and preserving records of Point to Point employees, including employees' names, hours worked, rate of compensation, and total compensation.

5. The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

6. Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including tools, auto parts, oil, and gasoline. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of Point to Point are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

7. Defendants willfully violated the provisions of Sections 6 and 15(a)(2) of the Act by employing at least one of their employees in an enterprise engaged in commerce or in the production of goods for commerce and compensating the employee at rates less than the applicable statutory minimum rate prescribed by Section 6 of the Act. Specifically, Defendants failed to pay said employee his final paycheck at the conclusion of his employment, thereby violating the Act's minimum wage requirements. Therefore, Defendants are liable for unpaid wages and an equal amount of liquidated damages under Section 16(c) of the Act.

8. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

For example: During the time period from at least February 27, 2013, through at least January 3, 2016, Defendants failed to pay time and one-half for hours worked over 40, even though employees regularly worked over 40 hours in a workweek. Workweeks for many of these employees ranged from at least 40 to approximately 75 hours, but these employees did not receive time and one-half their regular rate for their overtime hours. In addition, Defendants misclassified a number of their employees as independent contractors and did not pay those employees an overtime premium for hours worked over 40 in a work week. Defendants also improperly paid some of their non-exempt employees a salary for all hours worked during this time frame with no overtime premium for hours worked over 40 in a work week.

9. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516. Specifically, Defendants failed to make, keep, and preserve accurate time and payroll records. Defendants also recorded false hours in their payroll records, in order to feign compliance with the Act.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and

former employees listed in the attached Schedule A for the period of February 27, 2013, through at least January 3, 2016, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after January 3, 2016, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

(3) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

By: Jennifer L. Bluer
PA ID# 307299
Office of the Solicitor, Region III
Suite 630 East, The Curtis Center
170 South Independence Mall West

Philadelphia, PA 19106-3306
(215) 861-5146 (Phone)
(215) 861-5162 (Fax)
Bluer.jennifer.l@dol.gov

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff