## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SECRETARY OF LABOR, :
UNITED STATES DEPARTMENT OF LABOR, :
:
      Plaintiff, :
:
      v. : Civil Action No. _18-2029_
:
:
POINT TO POINT AUTO REPAIR, INC., :
PHILADELPHIA TAXI MANAGEMENT, LLC. :
d/b/a FREEDOM TAXI, TWO ONE FIVE :
METER SHOP, INC. and EVERETT ABITBOL. :
:
      Defendants. :
:

### CONSENT JUDGMENT

Plaintiff, Acting Secretary of Labor, United States Department of Labor, hereinafter referred to as "Plaintiff" or "the Acting Secretary," has filed his Complaint alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "the Act"). Defendants named above, hereinafter referred as "Defendants" or "Employers," have appeared by counsel, and waive formal service of process of the Summons and Complaint, waive their Answer and any defense which they may have and hereby agree to the entry of this Consent Judgment without contest. It is, therefore, upon motion of the attorneys for Plaintiff and for cause shown:

ORDERED, ADJUDGED, AND DECREED that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Act, in any manner, specifically:

1.     Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Sections 6 and 15(a)(2) of the Act.

2.     Defendants shall not, contrary to Section 7 of the Act, employ any of their employees including, but not limited to, any of their employees working at Point to Point Auto Repair, Inc., Freedom Taxi, Two One Five Meter Shop, Inc., or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the said employees receive compensation for their employment in excess of the prescribed hours at a rate equivalent to one and one-half times the regular rates applicable to them.

3.     Defendants shall not fail to make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at Point to Point Auto Repairs, Inc., Freedom Taxi, Two One Five Meter Shop, Inc., or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to Section 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

4.     Defendants shall not discharge or take any retaliatory action against any of their

employees, whether or not directly employed by Defendants, because the employee engages in any of the following activities pursuant to Section 15(a)(3) of the Act:

      i.     Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Employers or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act;

      ii.    Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by the Employers or another employer with whom there is a business relationship;

      iii.   Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act.

It is further ORDERED, ADJUDGED and DECREED by the Court that:

5.     Defendants are enjoined and restrained from withholding gross back wages in the sum total amount $33,372.23, and are jointly and severally liable for the payment of $33,372.23 in liquidated damages, due certain employees and former employees of Defendants set forth and identified in Exhibit A, which is attached as Exhibit A hereto and made a part hereof. Payment will be less any amount of back wages, liquidated damages, and civil money penalties already paid by Defendants in satisfaction of the Stipulation of Settlement. Defendants are also required to pay a total of $149.95 for interest accrued at the rate of 1% from the date that the parties entered into the Stipulation of Settlement. The Stipulation of Settlement is attached hereto as Exhibit B.

6.      Regarding the matter of the civil money penalty, Defendants have agreed that the amount currently due and payable is $5,984.00, that they are jointly and severally liable for this amount, that such assessment has become the final order of the Secretary of the Department of Labor, and that they waive any and all rights to appeal or contest such assessment.  As such, Defendants shall pay pursuant to Section 16(e) of the Act, a civil money penalty in the amount of $5,984.00, plus an interest payment of $22.62, for a total amount of $6006.62 no later than thirty days (30) days after the entry of this Consent Judgment to "Wage and Hour Division, U.S. Department of Labor."  Payment by certified check or money order should be mailed to the Northeast Regional Office, The Curtis Center, Suite 850 West, 170 S. Independence Mall West, Philadelphia, PA 19106-3323.

Accordingly, it is ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for the payment of the aforesaid civil money penalty and back wage compensation and liquidated damages due certain current and former employees of Defendants listed on the Summary of Unpaid Wages and Liquidated Damages (Form WH-56) (attached hereto as Exhibit A), and are directed to make payment of said compensation as hereafter specified.

7.      Defendants are jointly and severally liable for, and shall pay gross back pay of overtime compensation in the total amount of $33,372.23 ("Back Pay Amount") to certain current and former employees of Defendants set forth and identified on the attached Exhibit A. Payment of the Back Pay Amount provided for herein shall be made in accordance with the provisions set forth in paragraph 8, herein below.

8.      Defendants are jointly and severally liable for, and shall pay liquidated damages in the total amount of $33,372.23, to certain current and former employees of Defendants set

forth and identified in Exhibit A.  Payment of the amount of liquidated damages shall be made in accordance with the provisions set forth in paragraph 9, herein below.

        9.     It is therefore agreed that Defendants shall pay gross back wages and liquidated damages in the total amount of $66,744.46, for violations of the overtime provisions of the Act by Defendants alleged to have occurred during the period beginning February 27, 2013 and ending February 23, 2016, ("relevant period"). This amount shall represent the full extent of back wages and liquidated damages owed by Defendants for the relevant investigative period to the employees set forth and identified on the attached Exhibit A.  It is further agreed that the overtime compensation and liquidated damage payments by the Defendants in the amounts as specified above are in the nature of back wages and liquidated damages pursuant to the provisions of the Act.  Defendants shall remain responsible for the payment of all deductions from the back wages considered to be the "employer's share," including, but not limited to, FICA and Unemployment Insurance.  Respondents shall also pay $149.95 to cover the interest accrued at the rate of 1% from the time that the Stipulation of Settlement, attached hereto as Exhibit B, was executed.

        i.     The provisions of this Consent Judgment relative to back wage and liquidated damages payments shall be deemed satisfied when Defendants deliver to the designated representatives of the Plaintiff a payment check in the amount of $66,894.41 within thirty (30) days of the entry of this Judgment by the Court.  The payment shall be in the form of a certified check, bank check, or money order made payable to the order of "Wage and Hour Division – Labor," and mailed to:

> **U.S. Department of Labor, Wage & Hour Division**
> **The Curtis Center, Suite 850 West**
> **170 South Independence Mall West**
> **Philadelphia, PA 19106-3317**

The check or money order shall bear the following reference: Case ID# 1736964.

      ii.     The Secretary, through the Wage and Hour Division, shall distribute Defendants' Back Pay Amount (less any applicable federal taxes, withholdings, and deductions) and liquidated damages payments to the employees and former employees, or to their estates, as set forth in Exhibit A. Exhibit A will show for each individual the gross Back Pay Due (Subject to All Applicable Federal, State and Local Taxes, Withholdings, and Deductions), and Liquidated Damages. Any sums not distributed to the employees or former employees on Exhibit A, or to their estates, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Treasurer of the United States pursuant to 28 U.S.C. § 2041 and § 2042.

      iii.     To the best of their ability and based upon information it currently has in its possession, Defendants shall provide to Plaintiff the social security number and last known address of each employee or former employee due money under this Consent Judgment at the time of the initial lump sum payment.

      iv.     The provisions of this Consent Judgment shall not in any way affect any legal right of any individual not named in Exhibit A, nor shall the provisions in any way affect any legal right of any individual named in Exhibit A to file any action against Defendants for any violations alleged to have occurred outside the relevant investigative period.

     10.     Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Judgment. Any such amount shall be immediately paid to the Secretary for deposit as above, and Defendants shall have no further obligations with respect to such returned monies. Plaintiff's representatives at the United States Department of Labor, Wage and Hour Division, shall deliver the proceeds of any

sums not distributed to the employees named therein because of inability to locate the proper person or because of such person's refusal to accept such sums to this Court to be received and accounted for within the provisions of Title 28, U.S.C. §§ 2041 and 2042. Moreover, if recovered wages have not been claimed by the employee or the employee's estate within three years of the entry of this Consent Judgment, the Secretary shall deposit such money with the Treasury in accordance with Section 16(c) of the Act.

11.     Further, the parties agree that the instant action is deemed to solely cover Defendants' business and operations for the relevant investigative period for all claims raised in the Complaint as a result of the Secretary's investigation. The parties agree that the filing of this action and the provisions of this Judgment shall not, in any way, affect, determine, or prejudice any and all rights of any person specifically named on Exhibit A or the Secretary for any period after February 23, 2016, or any persons, be they current or former employees, not specifically named on Exhibit A, insofar as such rights are conferred and reserved to said employees by reason of Section 16(b) of the Act

12.     Defendants agree that they are employers within the meaning of Section 3(d) of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

13.     By entering into this Consent Judgment, Plaintiff does not waive his right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to Section 16(e) of the FLSA, with respect to any violations disclosed by such investigations.

It is FURTHER, ORDERED, ADJUDGED, AND DECREED that each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding including, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

UNITED STATES DISTRICT JUDGE

Dated: 6/8/2018